IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | 5:04-CV-244 (WDO) |
| | : | |
| **$60,215.00 IN UNITED STATES CURRENCY,** | : | |
| | : | |
| **Defendant Property** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **IKENA BUTLER, et al.,** | : | |
| | : | |
| **Claimants** | : | |

## ORDER

On February 4, 2004, Claimants were stopped by Deputy Long of the Butts County Sheriff's Department for traveling at a very slow speed in the far left lane of I-75. Deputy Long had noticed that other traffic was having to pass in the middle and far right lane. Long paced the car as it traveled at less then 45 miles per hour for approximately a mile. Long then stopped the vehicle. When Deputy Long asked the Claimants to get out of the vehicle and present their identification they did so. However, they gave the officers conflicting stories on who owned the vehicle, the purpose of the trip and the owner of the cash. The Claimants thereafter consented to a search of the car. A drug dog that had been trained to detect the odor of narcotics gave positive responses at three different locations indicating an odor of narcotics coming from the car. During the search of the car, Deputy Long found several bundles of United States currency inside socks inside a travel bag on the back seat of the car, in the false bottom of a suit case and

1

in a box that was inside a duffle bag.  Deputy Long did not issue the Claimants a traffic citation, find any drugs in the car or arrest any of the Claimants although he did ask them to accompany him to the station to fill out forms related to the seizure of the cash.

The Government thereafter filed the instant civil forfeiture action alleging that the currency seized represents the proceeds of a narcotics transaction or was used or intended to be used to facilitate a narcotics transaction.  Claimants have filed a motion to suppress arguing that, as a result of the allegedly unlawful stop, detention, interrogation and search, written and oral statements were obtained from them which should be suppressed.  Claimants also argue that any evidence the Government intends to use against them obtained during the search and seizure should be suppressed.

"Under the civil forfeiture statute . . . , 'all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of' the drug laws 'shall be subject to forfeiture to the United States.'"  United States v. $242,484.00, 389 F.3d 1149, 1159-60 (11th Cir. 2004) (citing 21 U.S.C. § 881(a)(6)) (finding probable cause to believe that 40 pounds of cash carried by the claimant was traceable to drug transactions).  "The government has the initial burden of showing probable cause to believe that the money is the proceeds of, or is otherwise connected to, any illegal drug transaction."  Id. at 1160 (citation omitted).  "Probable cause in this context is a 'reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion-the same standard used to determine the legality of arrests, searches, and seizures in criminal law."  Id. (citation omitted).  "[I]n evaluating the evidence of proceeds traceable to drug transactions, we have eschewed clinical

detachment and endorsed a common sense view to the realities of normal life applied to the totality of the circumstances." Id. (citations omitted). "A common sense reality of everyday life is that legitimate businesses do not transport large quantities of cash rubber-banded into bundles and stuffed into packages in a backpack. They don't, because there are better, safer means of transporting cash if one is not trying to hide it from the authorities. " Id. at 1161. "As a matter of common knowledge and common sense, legitimate businesses usually do not transport this much cash by couriers. The same is not true of drug rings, which commonly do utilize couriers to transport in cash their ill gotten gains, which can be huge. . . . One would be hard-pressed to encounter a dealer in narcotics who accepted a personal check or a credit card payment." Id. Further, inconsistencies in stories regarding where one has been or the source of the cash found adds to a probable cause showing. Id. at 1164. People who tell the truth usually do not have difficulty keeping their stories straight about the purpose of a trip. Id.

If an officer had probable cause to believe the defendant committed a traffic code violation, "that renders the stop 'reasonable' under the Fourth Amendment." United States v. Griffin, 109 F.3d 706, 707 (11th Cir. 1997) (citing Whren v. United States, 517 U.S. 806, 816, 116 S. Ct. 1769 (1996). The Supreme "Court rejected an analysis based on an inquiry into the subjective state-of-mind of the individual police officer to determine whether the stop was pretextual; instead, the Court looked solely to the objective factor of whether the district court had found probable cause to justify a detention based on a traffic violation." Griffin, 109 F.3d at 707. Pursuant to O.C.G.A. § 40-6-40(b), "Upon all roadways, any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic, or as close as practicable to the

3

right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway."

In the case at bar, Deputy Long had probable cause to initially stop the vehicle because the Claimants were driving very slowly in the far left lane, a traffic violation pursuant to Georgia law.  Second, based on the large amount of cash the Claimants were carrying and the manner in which it was hidden in several places around the vehicle, the officer has shown at least probable cause to believe that the cash seized is the proceeds of, or is otherwise connected to, an illegal drug transaction.  Finally, inconsistencies in the Claimants' stories regarding where they were going, to whom the car belonged and to whom the cash belonged adds to the probable cause finding.  The Claimants failed to show that the stop was unreasonable in length because only 8 minutes elapsed from the initial stop and the time the Claimants gave their consent to search the car.  Finally, Claimants had been made aware of their <u>Miranda</u> rights at the time they wrote and signed the statements denying ownership of or knowledge about the cash seized.  Claimants' Motion to Suppress is therefore DENIED.

**SO ORDERED this 20th day of April 2006.**


**S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**